# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0303V
Filed: October 3, 2018
UNPUBLISHED

| | |
|---|---|
| LORA BELLE BROWN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Lara Ann Englund, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On March 3, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a Prevnar 13 pneumococcal conjugate vaccine administered to her on September 3, 2015. Petition at 1. On January 17, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 27).

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 5, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 34). Petitioner requests attorneys' fees in the amount of $22,016.10 and attorneys' costs in the amount of $1,861.28. *Id.* at 1. Petitioner is requesting attorney fees and costs for prior counsel, Larry L. Maton in the total amount of $9,794.41. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* at 1. Thus, the total amount requested is $33,671.79.

On August 15, 2018, respondent filed a response to petitioner's motion. (ECF No. 35). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On August 15, 2018, petitioner filed a reply. (ECF No. 36). Petitioner requests that the undersigned award the amount of attorneys' fees and costs sought.

The undersigned has reviewed the billing records submitted with petitioner's request. The undersigned finds the amount of fees and rates as applied to Leah Durant reasonable and awards them in full. However, the undersigned finds a reduction in the amount of fees to be awarded to prior attorney, Larry L. Maton, appropriate for the reasons listed below.

Petitioner requests compensation for Larry L. Maton at the rate of $425 per hour for time billed in 2016. (ECF No. 34-3 at 2). Mr. Maton has been a member of the State Bar of Colorado since 1994 and a licensed pharmacist since 1980. *Id.* at 4-5. The undersigned notes that the requested rate exceeds this Court's Attorneys' Hourly Rate Fee Schedule for attorneys with 20-30 years of experience. Under the Court's Fee Schedule, an attorney with 20-30 years of experience is entitled to hourly rates between $350 - $415 for work performed in 2016. However, Mr. Maton has no prior experience with Vaccine Program cases.[3] The undersigned finds the requested rate excessive based on his experience in the Vaccine Program and the *McCulloch* factors as applied to Mr. Morton. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large). Based on Maton's inexperience in the Vaccine Program, the undersigned reduces Mr. Maton's hourly rate to $375 an hour for

---

[3] This was Mr. Maton's first vaccine case prior to petitioner retaining attorney Leah Durant. Mr. Maton currently has no other cases pending before this Court.

attorney time billed 2016.[4]  Therefore, attorneys' fees **requested are reduced by $1,100.00**.

The undersigned also notes two duplicated billing entries on the records submitted by Mr. Maton.  These entries are September 19, 2016 (0.10 hrs) "Letter to Sedwick" and October 6, 2016 "Letter to Sedwick." *Id.* at 34-3 at 2. These entries total 0.20 hours.  The undersigned **reduces the request for attorney's fees by $75.00**, the total amount of the duplicated entries.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $<u>32,496.79</u>[5] as follows:**

- **A lump sum of $23,877.38 representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel,  Leah VaSahnja Durant; and**

- **A lump sum of $8,619.41, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's prior counsel,  Larry L. Maton.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[4] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules for 2015-2016 and 2017 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch v. Sec'y Health & Human Servs.*, 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.